[No. 2699. Sept. 25, 1922.]

STATE ex rel. BOARD OF EDUCATION OF VILLAGE OF ROY v. SAINT et al.

### SYLLABUS BY THE COURT

The title of Chapter 48, Laws 1921, which is an act creating the county of Harding, does not permit of the insertion of Section 19 of said act, creating a county high school at

Roy in said county, and the section is therefore void under the provisions of Section 16 of Article 4 of the Constitution.

Appeal from District Court, Santa Fé County, Holloman, Judge.

Mandamus by the State, on the relation of the Board of Education of the Village of Roy, the same being School District No. 33 of the County of Harding, against J. E. Saint and others, as members of the State Tax Commission, and others. A peremptory writ was ordered to issue, and defendants appeal. Reversed and remanded, with directions.

H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for appellants.

C. J. Roberts, of Santa Fé, and W. R. Holly, of Springer, for appellee.

### OPINION OF THE COURT

PARKER, J.   This is a mandamus proceeding on the relation of the board of education of the village of Roy, brought against the board of county commissioners and the county assessor of Harding county to compel them to assess and levy a tax on all of the taxable property of said county for a period of five years, commencing with the year 1922, sufficent to produce the first year the sum of $2,600; the second year, the sum of $2,480; the third year, the sum of $2,360; the fourth year, the sum of $2,240; and the fifth year, the sum of $2,120.   An alternative writ was issued and the respondents answered the petition and defended upon several grounds, but principally upon the ground that section 19, of chapter 48, of the Laws of 1921, under which the petitioners asserted their right to a writ of mandamus, is unconstitutional and void, for the reason, among others, that it is a local and special law, regulating county, precinct, or district affairs, and that the section is not within the title of the act.   The case was heard in the district court upon the petition and answer; there being no controversy about the facts.

*JANUARY TERM, 1922.*                167

State ex rel. Bd. of Ed. of Vil. of Roy v. Saint, 28 N. M. 165

The district court held that section 19 of chapter 48, Laws 1921, is not unconstitutional and void upon any of the grounds set forth in the answer. A peremptory writ was thereupon ordered, and an appeal was taken to this court from the judgment.

Chapter 48 of the Laws of 1921 is an act creating the county of Harding, and establishes the county seat, provides for the appointment by the Governor of a full corps of county officers, to serve until the election and qualification of their successors at the next general election for such officers, and makes various provisions for the adjustment of all matters of indebtedness and distribution of funds as between Harding county and the other counties, out of which the territory was taken to compose the new county, and provides for its attachment to certain legislative and judicial districts, and contains all other necessary provisions, so that the county government, as soon as the officers should be appointed by the Governor, might properly function. Section 19 of the act is as follows:

"A county high school shall be established at the village of Roy in municipal school district No. 33, in said county of Harding.

"The board of county commissioners for the said county of Harding, at their first meeting after their appointment and qualification, are hereby authorized and directed, by resolution to levy a tax to be collected upon all the taxable property in said county of Harding for a period of five years commencing with the year 1922, sufficient to produce the first year the sum of twenty-six hundred '($2,600.00) dollars, the second year the sum of two thousand four hundred eighty ($2,480.00) dollars, the third year the sum of two thousand three hundred sixty ($2,360.00.), the fourth year the sum of two thousand two hundred forty dollars ($2,-240.00.), and the fifth year the sum of two thousand one hundred twenty ($2,120.00) dollars.

"In case debentures are not issued as hereinafter provided, the proceeds of said taxes when collected shall be paid to the board of education of the village of Roy of the state of New Mexico to be used together with other funds provided by said school district in the construction of necessary school building or buildings in said school district to be used for county high school purposes. In case the said board of education shall issue debentures hereinafter provided, the proceeds, when collected shall be set aside by

the county treasurer of said county of Harding and used for the payment of said debentures and the interest thereon."

Counsel for appellants argue that the section in question is not within the scope of the title of the act, and is therefore void under the provisions of section 16 of article 4, of the Constitution, which is as follows :

"The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void."

The title of the Harding County act is as follows:

"An act creating the county of Harding and providing for the issuance, sale, transfer and assignment of establishment bonds in aid thereof."

It is apparent from a comparison of these two provisions that the section is not within the scope of the title of the act, unless a county high school is a necessary and proper part of the machinery to enable the new county to properly function and to perform its governmental and administrative duties as one of the municipal subdivisions of the state. It is conceded by counsel for appellants, very properly we think, that the creation of a county includes more than merely defining its boundaries; that it includes the appointment of its officers, or a provision for their appointment, the location of the county seat, provisions for the adjustment of its debts with the counties from which its territory has been taken, provisions for raising the funds for current expenses, and perhaps other provisions to enable the county to take its proper place among other counties in the state, and to perform its proper governmental and administrative duties; and in fact that it includes provisions for everything necessary and proper to enable the county to function as a complete municipal subdivision of the state. Do the establishment of a county high school at a designated place in the county and provisions for its construction and management fall within the above category? We think not. A county

high school is not a regularly established institution of any county until so established by a vote of the people. It is not at all necessary to the orderly administration of the usual governmental and administrative functions of a county that there shall be established therein a county high school. If it were, then a large majority of the counties in the state are deficient in this particular.

The only relation which the county, as a municipal subdivision of the state, has to the public schools is to levy a tax upon the certificate of the proper school officers of the county for the support of the schools. The entire business of the municipal and rural schools is committed to municipal boards of education and county boards of education and local school officers, except that the law provides for a county superintendent of schools, who is a county officer. But the duties of the county superintendent have nothing whatever to do with the governmental or administrative functions of the county, his duties relating exclusively to school affairs.

Counsel for appellee in their brief on motion for rehearing cite many cases to show that the establishment of a county high school is not a county affair, but is a school affair, and they argue that in states like New Mexico, where the school system is kept separate and apart from the counties, cities and precincts, there can be no relation between school districts as corporations and the county as a corporation. With this argument we quite agree. They are separate and distinct entities, and their only relation, aside from their geographical situation, is, as heretofore stated, that the county levies and collects the taxes to support the schools upon the direction of the proper school officers.

It becomes apparent, therefore, that the title of the Harding county act does not permit the insertion of Section 19 heretofore quoted. This is school legislation, and the title, which purports to provide for the creation of the county, gives no hint whatever that there is contained in the act a piece of legislation entirely foreign to such purpose. See State v. Ingalls, 18 N. M. 211,

135 Pac. 1177, for a discussion of this proposition. This point was raised in the original briefs in the case, and was repeated in briefs of appellants on motion for rehearing. We did not treat the question in the original opinion, but after further consideration we deem the same of controlling importance, and have concluded as above indicated.

Counsel for appellants again urge that the section violates Section 24 of Article 4 of the Constitution, in that it is a local and special law regulating county, precinct, or district affairs. This raises a serious question, but, in view of our conclusion as above indicated, it will be unnecessary to consider the same. The original opinion in the case will be withdrawn.

It follows from all of the foregoing that there is error in the judgment of the district court, and that it should be reversed, and the cause remanded, with directions to discharge the writ of mandamus; and it is so ordered.

RAYNOLDS, C. J., concurs.