474 P.2d 80

Carroll J. GREEN, as Next Friend and Guardian of William Melvin Heineken, a Minor, Plaintiff-Appellant,

v.

MANPOWER, INC., OF ALBUQUERQUE, a New Mexico Corporation, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.

No. 474.

Court of Appeals of New Mexico.

Aug. 14, 1970.

Arthur H. Coleman, Santa Fe, for plaintiff-appellant.

Peter J. Adang, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiff filed a workmen's compensation action for the death of the minor's natural father. Defendants answered, and in addition to other defenses, stated that decedent was in the special employment of another employer at the time of the accident; that the accident did not arise out of and in the course of any employment of decedent with Manpower; that the accident was not reasonably incident to any employment of decedent with Manpower; and, that the death of decedent was not the natural and direct result of an accident which occurred during the course of his employment with Manpower. Subsequently, defendants filed a motion for summary judgment and an affidavit of the President of Manpower which stated:

a) That Manpower is in the business of supplying labor on a contract or hourly basis;

b) That the laborer is supplied on the basis of the nature of the work to be performed;

c) That Manpower requests a job description in order to determine the qualifications of the laborer to be sent and rate at which work is to be billed;

d) That Navajo Machine Services specifically requested decedent to clean out a shed;

e) That decedent knew the nature of the work and accepted the assignment;

f) That the work was classified as "light" work;

g) That Manpower billed the work to Navajo. Out of the amount received, Manpower paid the decedent. The remainder of the amount received covered social security, administrative, clerical and insurance expense and a profit margin for Manpower;

h) That decedent was sent to Navajo to work under the supervision and direction of officers and employees of Navajo to do the work requested (cleaning out a shed on Navajo's premises);

i) That decedent commenced work on May 2, 1967, and was killed in an accident on May 4, 1967 while assisting officers and employees of Navajo unload a piece of machinery weighing several thousand pounds;

j) That the unloading was not being done at the direction of officers or employees of Manpower nor with their knowledge or acquiescence;

k) That all of decedent's work was done under the direction and supervision of Navajo and Navajo had the right to discharge decedent or exclude him from the premises;

l) That the unloading of heavy machinery is classified as "heavy" labor involving special skill and charged at a higher rate;

m) That the lifting and moving of heavy equipment by decedent was not contemplated at the time of the agreement between Manpower and Navajo for decedent's services.

Plaintiff's unverified complaint, defendants' answer, defendants' motion for summary judgment, and Manpower's affidavit, are the only pleadings and information of record. We affirm the trial court's order granting defendants' motion for summary judgment.

Plaintiff contends a material issue of fact was present as to whether plaintiff was entitled to workmen's compensation benefits because decedent was an employee of Manpower and there were sufficient facts before the court as to whether death arose out of and in the course of his employment with Manpower and reasonably incidental to that employment.

In considering a motion for summary judgment, the court goes beyond the allegations of the complaint and determines whether a claim can in reality be supported

**790**

on the grounds alleged. Morris v. Miller & Smith Mfg. Co., 69 N.M. 238, 365 P.2d 664 (1961). The adverse party may not rest upon the mere allegations of his pleading, but his response must set forth specific facts showing there is a genuine issue for trial. Hately v. Hamilton, 81 N.M. 774, 473 P.2d 913 (Ct.App.), decided July 17, 1970; Rekart v. Safeway Stores, Inc., 81 N.M. 491, 468 P.2d 892 (Ct.App.1970). All reasonable inferences will be construed in favor of the party against whom summary judgment is sought, and where the slightest doubt exists as to the material facts, summary judgment should not be granted. Binns v. Schoenbrun, 81 N.M. 489, 468 P.2d 890 (Ct.App.1970).

Section 59–10–13.3, N.M.S.A.1953 (Repl. Vol. 9, pt. 1) states in part:

"A. Claims for workmen's compensation shall be allowed only:

"(1) when the workman has sustained an accidental injury arising out of, and in the course of his employment;

"(2) when the accident was reasonably incident to his employment; * * "

■ Although decedent had two employers, no claim for workmen's compensation from Navajo, the special employer, is involved in this appeal. Compare Shipman v. Macco Corporation, 74 N.M. 174, 392 P.2d 9 (1964). The sole issue is whether decedent's fatal accident arose out of and in the course of his employment with Manpower, decedent's general employer. The undisputed facts in the affidavit show that it did not. Decedent was killed while unloading heavy machinery. Manpower did not employ decedent to do such work. Manpower did not send decedent to Navajo to do such work. Decedent did not possess the knowledge or skill for that type of work. Simply stated, the unloading of heavy machinery was no part of decedent's employment with Manpower.

Plaintiff contends, however, that the "heavy" work being done by decedent in unloading machinery was reasonably incident to his employment as a laborer; that as long as Manpower profited from decedent's labor, his work, "light" or "heavy" was in the course of his employment. On this basis, plaintiff asserts the injury arose out of decedent's employment. We cannot agree. Decedent was employed by Manpower to clean a shed for Navajo. He was killed while unloading heavy machinery. This was work for which he was neither qualified nor employed by Manpower to perform. Since the work at the time of the accident was work that Manpower had not employed decedent to do and was work that Manpower did not know about and had not even contemplated, the fatal accident did not arise out of decedent's employment with Manpower. The undisputed facts show no causal connection between decedent's employment with Manpower and the fatal accident. See Brundage v. K. L. House Construction Company, 74 N.M. 613, 396 P.2d 731 (1964).

Plaintiff places great reliance on Ishmael v. Henderson, 286 P.2d 265 (Okl.1955); Jones v. George F. Getty Oil Co., 92 F.2d 255 (10th Cir. 1937), cert. denied, Associated Indemnity Corp. v. George F. Getty Oil Co., 303 U.S. 644, 58 S.Ct. 644, 82 L.Ed. 1106 (1937); and St. Claire v. Minnesota Harbor Service, Inc., 211 F.Supp. 521 (D. Minn.1962). Those cases have significant factual differences. In each case the employee was doing the work contracted for or which at least required the same level of skill.

Affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.