500 P.2d 453

Mella GARCIA, Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE and R. J. Callahan, Defendants-Appellees.

No. 871.

Court of Appeals of New Mexico.

July 14, 1972.

Certiorari Granted Aug. 23, 1972.

---◇---

Frank H. Allen, Jr., Arthur D. Melendres, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for plaintiff-appellant.

James C. Ritchie, Rex D. Throckmorton, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

This appeal involves the constitutionality of that part of § 64–25–9, N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 2), which reads as follows:

No action shall be brought or entertained in any court of this state against the state or any of its institutions, agencies or political subdivisions for injury or damage caused by the operation of such vehicles, but the action for any such injury or damage shall be brought against the person operating such vehicle at the time of the injury or damage.

Garcia sued the City of Albuquerque and Callahan, the driver of the city bus, to recover damages as a result of alleged injuries sustained by her, growing out of the alleged negligence of Callahan in the operation of the bus.

The city moved to dismiss the complaint because the city was immune from suit under § 64–25–9, supra. In response to the motion to dismiss, Garcia claimed the statute was unconstitutional because it violated Article IV, § 16 of the New Mexico Constitution.

The trial court sustained the city's motion to dismiss and entered a final judgment pursuant to Rule 54(b) [§ 21–1–1(54) (b), N.M.S.A.1953 (Repl.Vol. 4)].

We reverse.

(1) *The Statute, supra, Violated Article IV, § 16 of the New Mexico Constitution.*

Article IV, § 16 of the New Mexico Constitution reads in part as follows:

The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws; but if any subject is embraced in any act which is not expressed in its title only so much of the act as is not so expressed shall be void. [Emphasis added].

Laws, 1941, ch. 192, being §§ 64–25–8 and 9, reads as follows:

An Act Authorizing the State Board of Finance to Direct the Purchase of Public Liability and Property Damage Insurance upon All Cars Owned and Operated by the State of New Mexico.

S.B.No.82; Approved April 18, 1941

Be It Enacted by the Legislature of the State of New Mexico:

Section 1. The State Board of Finance is authorized to require all officials or the administrative head of all departments to purchase and secure public liability and property damage insurance in such sums as they may deem advisable, protecting the state against property loss and the public against injury to property or persons because of the negligent operation of automobiles, trucks, trailers, tractors, graders or other motor vehicles by employees, agents or officials of the state, or any of its institutions, agencies or political subdivisions.

Section 2. *No action shall be brought or entertained in any court of this state against the state or any of its institutions, agencies or political subdivisions for injury or damage caused by the operation of such vehicles, but the action*

*for any such injury or damage shall be brought against the person operating such vehicle at the time of the injury or damage.* Every policy of insurance upon such vehicles shall contain a provision that the defense of immunity from tort liability because the insured is a governmental agency or an employee of a government agency, or because the accident arose out of the performance of a governmental function, shall not be raised against any claim covered by such policy, provided the claimant, or plaintiff in the event suit is instituted, shall file with the insured and the company issuing such policy of insurance a release in writing of any amount of such claim in excess of the limit stated in the policy, and a further statement that any such release shall not be construed as an admission of liability, nor may it be offered in evidence for any purpose, and that no attempt may be made in the trial of any case to suggest the existence of any insurance which covers in whole or in part any judgment or award in favor of the claimant. [Emphasis added].

Article IV, § 16, supra, has been interpreted many times by our Supreme Court. One of the earliest and most significant cases is that of State v. Ingalls, 18 N.M. 211, 135 P. 1177 (1913). The court set out the following reasons why such a provision was included in our constitution and in that of many other states:

> *First*, to prevent hodge-podge or "log-rolling" legislation; *second*, to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles give no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and *third*, to fairly apprise the people of the subjects of legislation in order that they may have opportunity of being heard thereon. [Emphasis by the court].

The court then went on to enunciate this rule: "Does the title fairly give such reasonable notice of the subject matter of the statute itself as to prevent the mischief intended to be guarded against?"

The title of the 1941 Act authorizes the purchase of insurance for cars owned and operated by the State of New Mexico. Is there anything in this title to give reasonable notice that the body of the statute deals in part with governmental immunity? We think not. See Saiz v. City of Albuquerque, 82 N.M. 746, 487 P.2d 174 (Ct.App.1971) [dissenting opinion]. Section 1 is consistent with the scope of the title.

Section 2 leaves the restricted scope of the title. It grants total immunity except for "the person operating such vehicle at the time of the injury or damage."

Since the immunity accorded to governmental units in section 2 is not within the scope of the title of the Act, this immunity from suit contravenes Article IV, § 16, supra, of our constitution, and is void. State ex rel. Board of Education of Village of Roy v. Saint, 28 N.M. 165, 210 P. 573 (1922); State v. Candelaria, 28 N.M. 573, 215 P. 816 (1923); Tindall v. Bryan, 54 N.M. 112, 215 P.2d 354 (1949); Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982 (1964); Bureau of Revenue v. Dale J. Bellamah Corporation, 82 N.M. 13, 474 P. 2d 499 (1970).

The city contends that any provision for liability insurance contemplates a cause of action to recover from the fund; that both provisions [§§ 64–25–8 and 64–25–9, supra] are germane to the same general subject. No authority is cited to support the "contemplation" theory. Reliance is placed on Johnson v. Greiner, 44 N.M. 230, 101 P.2d 183 (1940), and State v. Miller, 33 N.M. 200, 263 P. 510 (1927). Neither of these cases support the city's contention. In *Johnson*, two unrelated subjects were embraced in the title of the bill involved and the Act was declared unconstitutional. In *State*, the court held the title of the Act providing for licensing motor vehicles, regulating the *operation, use* and speed thereof, etc., was broad enough to cover the

subject of *"operation by intoxicated person."* We find no "contemplation" theory involved in *State*. In Gallegos v. Wallace, supra, the court said:

> It is fundamental that courts only interpret legislation but may not enlarge the scope of its title.

The city next contends the subject of the 1941 bill is clearly expressed in the title. City of Albuquerque v. Campbell, 68 N.M. 75, 358 P.2d 698 (1961), is cited in passing. *Campbell* held the 1941 Act constitutional, limited to the attack made on it. It simply held the title of the Act which referred to "All Cars Owned and Operated by the State of New Mexico" was broad enough to include "political subdivisions," such as municipal corporations. The subject of immunity was not raised in *Campbell*. State ex rel. State Highway Commission of New Mexico v. Town of Grants, 69 N. M. 145, 364 P.2d 853 (1961).

We cannot agree with the city that the legislature and the public were placed on notice that litigation would be involved when the title of the Act mentioned "Public Liability" insurance. This phrase does not give reasonable notice of the immunity provisions of section 2 of the statute under the test originally established by the Supreme Court in State v. Ingalls, supra.

We have carefully reviewed Crosthwait v. White, 55 N.M. 71, 226 P.2d 477 (1951), and In re Estate of Welch, 80 N.M. 448, 457 P.2d 380 (1969), relied on by the city. These cases do not meet the challenge of reasonable notice in the title of the Act of the subject matter of the statute.

In *Crosthwait*, the title in question was as follows:

> An Act Providing for the Change of County Lines and Boundaries, and the Annexation of Portions of Counties.

The Act itself provided for a lawsuit and court trial. The Supreme Court said:

We consider the suit and court trial as an *incident of the annexation proceedings* and therefore not necessary to be set out in the title. Grant v. State, 33 N.M. 633, 275 P. 95. *Even if we are mistaken in this*, the saving clause in the constitutional provision that only so much of the act as is not mentioned in the title shall be void would save the act. If it be conceded that the plaintiffs were entitled to their day in court, they would have the right to seek an injunction to prevent the unlawful dismemberment of their county *even in the absence of specific statutory authority*. [Emphasis added].

We do not believe immunity to suit is a subject incident to "public liability" insurance for state owned vehicles. Clark v. Ruidoso-Hondo Valley Hospital, 72 N.M. 9, 380 P.2d 168 (1963).

*Welch*, supra, involves claims against estates. It is concerned with § 31-8-2 and § 31-8-3, N.M.S.A. (1953). The titles are not set forth. The court concluded:

> We cannot say that, in the case before us, we are satisfied beyond a reasonable doubt that the legislature went outside the constitution in enacting the challenged legislation.

In this case, the legislature went outside of the constitution because the title of the Act does not give reasonable notice that immunity of governmental units from suit was in any way involved.

We, therefore, conclude that the legislature violated Article IV, § 16 of our State Constitution.

Reversed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.