508 P.2d 1339

**Robert G. GALVAN, Plaintiff-Appellant,**

v.

**CITY OF ALBUQUERQUE, a municipality duly incorporated under the laws of the State of New Mexico, and Gregory F. Avila, Defendants-Appellees.**

**No. 963.**

Court of Appeals of New Mexico.

March 23, 1973.

**44**

E. Douglas Latimer, Marchiondo & Berry, Albuquerque, for appellant.

James C. Ritchie, Stuart S. Keown, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for appellees.

OPINION

WOOD, Chief Judge.

A car-bicycle collision occurred on a two-lane section of Montgomery Street in Albuquerque. Plaintiff sued Avila, the police officer driver of the car, and his employer, the City of Albuquerque. The trial court first dismissed the City and then granted summary judgment in favor of Avila. The issues are: (1) sufficiency of an affidavit; (2) proximate cause; (3) wilful and wanton conduct; and (4) propriety of dismissing the City.

*Sufficiency of an affidavit.*

Plaintiff submitted an affidavit in opposition to Avila's motion for summary judgment. We cannot tell from the record whether the trial court considered this affidavit in granting the summary judgment. Plaintiff asserts a factual issue as to proximate cause is raised by the affidavit. Avila asserts the affidavit was not entitled to consideration.

The affidavit of Gale W. Smith states his experience as a police officer and the experience of Albert Leroy as a police officer. The affidavit states that both Smith and Leroy have formed an "expert opinion" and that Leroy's opinion supports the opinion of Smith. Smith concludes that Avila was going not less than 70 miles per hour when Avila applied his brakes. We assume, but do not decide, that this conclusion as to speed was material to the question of proximate cause. We also assume, but do not decide, that Smith was competent to testify on the matters stated in the affidavit.

The affidavit states:

"That I have performed tests for the purpose of ascertaining the speed of the vehicle driven by defendant Avila . . . with the assistance of Officer Albert Leroy and such tests were made in a manner to reliably ascertain the actual speed of the vehicle being driven by defendant Avila on the date of the accident."

Section 21–1–1(56)(e), N.M.S.A. 1953 (Repl.Vol. 4) states that affidavits ". . . shall set forth such facts as would be admissible in evidence. . . ." An expert witness must be able to give a satisfactory explanation as to how he ar-

rives at his opinion. Dahl v. Turner, 80 N.M. 564, 458 P.2d 816, 39 A.L.R.3d 207 (Ct.App.1969). Without such an explanation the opinion is not competent evidence. City of Albuquerque v. Chapman, 76 N.M. 162, 413 P.2d 204 (1966); Landers v. Atchison, Topeka & Santa Fe Railway Co., 68 N.M. 130, 359 P.2d 522 (1961).

■ The affidavit does not identify the tests performed and does not explain how the tests were performed. There is no satisfactory explanation of the conclusion as to speed. The affidavit did not set forth facts admissible in evidence and was not entitled to consideration. Smith v. Klebanoff, 84 N.M. 50, 499 P.2d 368 (Ct.App. 1972).

*Proximate cause.*

Avila was driving east on his way to check a car with improper license plates. It was not an emergency situation and he was not using his emergency equipment. Sections 64–14–4 and 64–15–5, N.M.S.A. 1953 (2nd Repl.Vol. 9, pt. 2). He came up behind a vehicle driven by Stanford, also headed east. Avila pulled out to pass. He was engaged in this passing situation when his car, and the bicycle ridden by plaintiff, collided. Plaintiff had been riding the bicycle in the westbound lane of traffic.

The accident happened at night in an area where there were no lights or other artificial illumination. The bicycle was without lights. Plaintiff was violating § 64–19–7, N.MS.A.1953 (2nd Repl.Vol. 9, pt. 2) which, in this case, required ". . . a white light visible from a distance of at least 500 feet to the front. . . ." ·

In pulling out to pass, Avila drove across a double yellow line. We assume he was passing in a no-passing zone. See § 64–18–14, N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 2). There is deposition testimony that the speed limit was 40 miles per hour and that Avila was driving 40 to 45 miles per hour when he undertook to overtake Stanford. See § 64–18–2.1, N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 2).

■ ■ In addition to the statutory violations, the briefs argue violations of Albuquerque ordinances. The ordinances are not a part of the record and will not be considered. The statutory violations were negligence per se. McKeough v. Ryan, 79 N.M. 520, 445 P.2d 585 (1968); N.M.U.J.I. 11.1.

Summary judgment was granted on the basis that plaintiff was contributorily negligent and this negligence was a proximate cause of the accident as a matter of law. The propriety of this ruling depends on whether "proximate cause" could be determined as a matter of law.

■ Where reasonable minds may differ on the question of proximate cause, the matter is to be determined by the fact finder. Fitzgerald v. Valdez, 77 N.M. 769, 427 P.2d 655 (1967). Where the facts are not in dispute and the reasonable inferences from those facts are plain and consistent, proximate cause becomes an issue of law. Adamson v. Highland Corporation, 80 N.M. 4, 450 P.2d 442 (Ct.App. 1969). Accordingly, we examine the facts as to proximate cause.

The parties agree there were no physical characteristics of the road, such as curves or dips, that would affect one's ability to see.

Plaintiff became aware of the Stanford car when it was 200 to 300 yards away. He was not aware of Avila's car until he saw two sets of headlights, side by side. He did not know how far he was from the cars at this time. He could not say whether the car headlights illuminated the area he was in or whether he was still in a darkened area. He could not estimate the speed of the cars. He did not see Avila's car pull into his lane of travel. He saw the two sets of headlights closing rapidly and then the accident happened in what seemed like a split second thereafter. Avila's car was broadside at impact; plaintiff collided with the left rear quarter panel of Avila's car.

After coming up behind the Stanford car, Avila "pulled in momentarily,"

checked for oncoming traffic, "didn't see anything" and pulled out to pass. When his car reached the middle of Stanford's car he saw a reflection in the roadway ahead. Thinking this might be a reflector over a chuck hole, Avila applied his brakes. When his car cleared the rear of Stanford's car, Avila attempted to turn into his own lane. His car began sliding broadside. He felt a bump and his car stopped shortly thereafter. The elapsed time was short; probably seconds. Avila did not know his distance from the reflection when he saw it; only that it was not within the range of the headlights of either his or Stanford's car. Avila saw no traffic; there ". . . were no oncoming headlights at all. . . ." In overtaking Stanford, he was watching the road ahead. Avila's lights were on low beam.

Stanford never noticed the bicycle prior to the accident.

Avila's car left approximately 63 feet of skid marks before turning broadside, and left an additional 65 feet of marks in the broadside skid prior to impact. The broadside skid continued after impact for approximately 12 more feet. The car came to a stop broadside on the road with the front wheels resting on the curb on the south side of the road.

Proximate cause is that which, in a natural or continuous sequence, produces the injury and without which the injury would not have occurred. Chavira v. Carnahan, 77 N.M. 467, 423 P.2d 988 (1967); Bouldin v. Sategna, 71 N.M. 329, 378 P.2d 370 (1963); Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507 (1955). ". . . Proximate cause of an injury need not be the last act or the nearest act to the injury but may be one which actually aided in producing the result as a direct and existing cause. . . ." Ortega v. Texas-New Mexico Railway Company, 70 N.M. 58, 370 P.2d 201 (1962); Thompson v. Anderman, supra. The act need not be the sole cause, but it must be a concurring cause. Rix v. Town of Alamogordo, 42 N.M. 325, 77 P.2d 765 (1938); Kelly v.

Montoya, 81 N.M. 591, 470 P.2d 563 (Ct. App.1970). See N.M.U.J.I. 12.10.

We cannot say, on the above facts, that the absence of a light on the bicycle is that "without which the injury would not have occurred." In this non-emergency situation, Avila's act in attempting to overtake the Stanford car in an area with double yellow lines, with the accident occurring seconds later, raises a factual question as to whether the absence of a bicycle light "aided in producing the result as a direct and existing cause." Accordingly, we need not discuss Avila's speed or his "lookout" while engaged in the passing maneuver.

We are aware that summary judgments are no longer to be reversed on the basis of slight issues of fact. Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972). In our opinion, there is more than a "slight issue" of fact as to whether plaintiff's negligence was the proximate cause of the accident. Fitzgerald v. Valdez, supra; Kelly v. Montoya, supra. See Chandler v. Nolen, 50 Tenn.App. 49, 359 S.W.2d 591 (1961); Contra, Lawrence v. Core, 132 So.2d 82 (La.App.1961); Lewis v. McIntire, 150 W.Va. 117, 144 S.E.2d 319 (1965).

We hold that Avila did not meet his burden of showing there was no genuine factual issue as to plaintiff's negligence being the proximate cause of the accident. Goodman v. Brock, supra. Summary judgment in favor of Avila on the negligence claim is erroneous.

*Wilful and wanton conduct.*

". . . Contributory negligence will be denied as a defense where the act of negligence of a defendant shows a reckless, wilful and wanton disregard of human life and the consequences of his acts. . . ." Hall v. Stiles, 57 N.M. 281, 258 P.2d 386 (1953). Gray I [Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24 (1942)], states that ". . . evil intent, reckless disregard of consequences or circumstances of aggravation may attend commission of the tort relied upon as to warrant . . . the denial to the wrong-

doer of the defense of contributory negligence." In his complaint, plaintiff alleged that Avila operated his car in wilful and wanton disregard of the safety of plaintiff and others. The complaint raised the issue of whether plaintiff's contributory negligence was available to Avila as a defense.

Plaintiff asserts the summary judgment, which dismissed the complaint with prejudice, improperly dismissed this claim as to wilful and wanton conduct on the part of Avila. Plaintiff asserts there was a fact issue as to the nature of Avila's conduct. See Boatright v. Sclivia, 421 F.2d 949 (10th Cir. 1970); Lester v. Atchison, Topeka and Santa Fe Railway Co., 275 F.2d 42, 85 A.L.R.2d 262 (10th Cir. 1960); Hall v. Stiles, supra. Avila asserts there was no factual issue as to wilful and wanton conduct on his part. We do not decide this question.

■ The summary judgment refers to plaintiff's negligence per se, recites that this negligence was the proximate cause of the accident " . . . and for that reason [plaintiff] is not entitled to any recovery against the defendant [Avila]. . . ." The summary judgment clearly shows that the trial court did not rule on plaintiff's claim that Avila's conduct was wilful and wanton. Dismissal of this claim in the summary judgment was improper. See Gray II [Gray v. Esslinger, 46 N.M. 492, 131 P.2d 981 (1942)].

*Dismissal of the City.*

■ Avila was on duty at the time of the accident. The claim against the City was based on the employer-employee relationship. The claim encompasses simple negligence on Avila's part and negligence based on Avila's asserted wilful and wanton conduct. Since degrees of negligence are not recognized in New Mexico, Gray I, supra, plaintiff's claim against the City is authorized by § 5–6–18, N.M.S.A.1953 (Repl.Vol. 2).

■ The trial court dismissed the City on the basis that § 64–25–9, N.M.S.A.1953 (Repl.Vol. 9, pt. 2) prohibits suits against the City if those suits are based on vehicular negligence. To the extent § 64–25–9, supra, prohibited suits against the City based on vehicular negligence, this Court has held § 64–25–9, supra, to be unconstitutional. Garcia v. City of Albuquerque, 84 N.M. 168, 500 P.2d 453 (Ct.App.1972).

The New Mexico Supreme Court granted certiorari in *Garcia*, supra, on August 23, 1972, and the case is presently pending before that Court. Our Garcia decision has not, at this point, been either set aside or modified.

The summary judgment in favor of Avila is reversed. The dismissal of the City of Albuquerque is set aside on the basis of our Garcia decision. The cause is remanded to the district court. Further proceedings shall be consistent with the views expressed herein and with the New Mexico Supreme Court's decision in Garcia v. City of Albuquerque, supra.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.