548 P.2d 117

**Brice L. LAY, Plaintiff-Appellant,**

v.

**VIP'S BIG BOY RESTAURANT, INC., a corporation, Defendant-Appellee.**

**No. 1980.**

Court of Appeals of New Mexico.

March 16, 1976.

**156**

Harold H. Parker, Albuquerque, for plaintiff-appellant.

J. Duke Thornton, Shaffer, Butt, Jones & Thornton, Albuquerque, for defendant-appellee.

## OPINION

HENDLEY, Judge.

Plaintiff appeals a summary judgment granted in favor of the defendant. The facts are simply stated: plaintiff was eating in defendant's restaurant when a window blew in and injured him. Plaintiff's complaint was framed in three counts: negligence (which included res ipsa); implied warranty; and strict liability.

■■ In considering a motion for summary judgment, the trial court must go beyond the allegations of the complaint and determine whether a claim can in reality be supported on the grounds alleged. *Morris v. Miller & Smith Mfg. Co.*, 69 N.M. 238, 365 P.2d 664 (1961); *Green v. Manpower, Inc., of Albuquerque*, 81 N.M. 788, 474 P.2d 80 (Ct.App.1970). The inferences, which the party opposing the motion for summary judgment is entitled to have drawn from all the matters properly before and considered by the trial court, must be

reasonable inferences. *Montoya v. City of Albuquerque*, 82 N.M. 90, 476 P.2d 60 (1970). The movant has the burden of showing an absence of a genuine issue of fact, or that he is entitled, as a matter of law, for some other reason to a summary judgment in his favor. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). Once the defendant makes the prima facie showing the burden shifts to the plaintiff to show there is a genuine issue of fact and that defendant is not entitled to summary judgment as a matter of law, *Goodman v. Brock*, supra.

Based upon the pleadings and affidavits submitted, defendant's motion for summary judgment did not make a prima facie showing of an absence of negligence. We reverse the trial court as to the count sounding in negligence and remand for further proceedings.

### Implied Warranty

■■ The trial court correctly granted summary judgment on the legal theory of implied warranty. The thrust of appellant's argument here is that defendant impliedly warranted that the premises would be a "safe place in which to consume the food which he had purchased." Such is not the law in New Mexico. For a general discussion see Prosser, Law of Torts, at 654, (4th Ed. 1971) and cases cited therein. The duty owed to a business invitee by a possessor of the premises does not involve the law of implied warranties, but rather it involves a duty of ordinary care to keep the premises in a reasonably safe condition for the invitee's use. See generally Prosser, Law of Torts, at 392 (4th Ed. 1971); N.M.U.J.I. 10.6; *Mozert v. Noeding*, 76 N.M. 396, 415 P.2d 364 (1966).

### Strict Liability

The trial court correctly granted summary judgment as to the count based upon the theory of strict liability. Plaintiff invites us to extend the theory of strict liability to the facts of this case on the grounds that the providing of a safe place to eat was a "product sale, combined with a service."

Restatement (Second) Torts, § 402A (1965) codifies the doctrine of strict liability in tort:

"402A. Special Liability of Seller of Product for Physical Harm to User or Consumer.

"(1) one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

■ The rationale behind the theory of strict liability is that the loss should be borne by the individual who is responsible for placing the defective product into the market and is profiting by its sale. It is this individual who is in the best position to prevent the defect, and can distribute the risk of loss to users of the product in the form of higher prices. *Stang v. Hertz Corporation,* 83 N.M. 730, 497 P.2d 732 (1972); *Greenman v. Yuba Power Products, Inc.,* 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1962).

■ Under the facts of this case as found in the complaint, answer and affidavits, the defendant could not be subjected to strict tort liability. This legal theory has no applicability as against a restaurant where the customer's injuries is the result of a shattered pane of glass. Plaintiff's remedy under the theory of strict liability, if at all possible, is not available as against defendant.

*Negligence*

Summary judgment was inappropriate as the affidavits presented by the defendant could not be said to have established a prima facie showing of an absence of negligence, or the absence of an inference of negligence. *Goodman v. Brock,* supra.

One affidavit filed by the defendant was given by the supervisor of the restaurant, who stated that it was his responsibility to inspect the windows for defects, cracks and cleanliness, a duty he had performed on the day of the accident: "I saw it [the window] the day of the accident (before it blew out), and it looked good to me, with no defect and I had no reason to believe it would break."

Defendant's other affidavit was given by a meteorologist. That affidavit stated that wind gusts on the day and time in question, October 29, 1971, were in excess of seventy-five to eighty miles an hour, and were the strongest winds recorded since the building had been constructed in 1962; and that after studying the weather conditions and the location of the restaurant, he concluded that ". . . the winds were of such unusual gusty force and velocity, they could break a normal sturdy window of the type located at 5115 Central Avenue, N.E. in Albuquerque at the Vip's Big Boy Restaurant."

■ An expert must be able to give a satisfactory explanation as to how he arrives at his opinion, and without such an explanation his opinion is not competent. *City of Albuquerque v. Chapman,* 76 N.M. 162, 413 P.2d 204 (1966); *Dahl v. Turner,* 80 N.M. 564, 458 P.2d 816 (Ct.App.1969). In the instant case the expert's affidavit qualified him as a meteorologist. However, it did not qualify him as a stress expert of window panes, competent to state whether or not a building's windows should or

**158**

should not be able to withstand the wind velocities of the day of the accident.

■ Section 21–1–1(56)(e), N.M.S.A. 1953 (Repl.Vol. 4, 1970) states that affidavits: ". . . shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . ." The meteorologist's statement that the winds could have broken "a normal sturdy window of the type located at . . . Vip's Big Boy Restaurant" is without foundation and not admissible. *Galvan v. City of Albuquerque*, 85 N.M. 42, 508 P.2d 1339 (Ct.App.1973); *Smith v. Klebanoff*, 84 N.M. 50, 499 P.2d 368 (1972).

■ If the affidavits are considered without this statement it becomes evident that the defendant has not made the necessary prima facie showing of an absence of negligence. Further, in the posture of this case, although exclusive control of the premises by the defendant is not contested, we cannot say, as a matter of law, that the event did not occur in the absence of someone's negligence. Thus the inference of negligence still remains. *Hisey v. Cashway Supermarkets, Inc.*, 77 N.M. 638, 426 P.2d 784 (1967); *Tuso v. Markey*, 61 N.M. 77, 294 P.2d 1102 (1956). We do not imply however, under the facts of the present case that summary judgment could not be an appropriate remedy.

The summary judgment as to the cause of action sounding in negligence is reversed, and the cause is remanded to the district court for further proceedings not inconsistent with the view expressed herein.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HERNANDEZ, J., dissents.

HERNANDEZ, Judge (dissenting).

Defendant, in support of its motion for summary judgment, filed the affidavit of Henry L. Jacobson, a professional meteorologist with 45 years experience, who during 7 of those years was the Chief Forecaster of the United States Weather Bureau for Arizona and New Mexico. By affidavit Mr. Jacobson stated that United States climatological data showed that the velocity of the wind had never been exceeded from 1968, the year in which the building was built to noon on October 29, 1971, the date and approximate time of the accident. He further stated that weather conditions on that day and at that time could cause wind in excess of 75 to 80 miles per hour. Since the lot across the street from defendant's business was vacant, gusts of wind "could strike the front windows of Vip's at extremely high speeds without impedance [sic]." A second affidavit from Mr. Jerry Whalen, supervisor of defendant's restaurants in New Mexico and the individual responsible for the restaurant in question, stated that he made a daily inspection of the windows for defects and cleanliness, and that, in addition, a weekly inspection was made of the windows. He reported he checked the window that broke on the Monday before the accident as required by the weekly check list; it appeared to be in perfectly good condition. He also checked it on the day of the accident and he saw no defects.

The plaintiff offered nothing in response to those affidavits.

I am of the opinion that with these affidavits defendants made a prima facie showing that there was no genuine issue of fact on the question of negligence on the part of the defendant. As our Supreme Court stated in *Goodman v. Brock*, 83 N. M. 789, 498 P.2d 676 (1972):

"Unquestionably the burden was on the defendants to show an absence of a genuine issue of fact, or that they were entitled as a matter of law for some other reason to a summary judgment in their favor. [citations omitted] However,

once defendants had made a prima facie showing that they were entitled to summary judgment, the burden was on plaintiff to show that there was a genuine factual issue and that defendants were not entitled as a matter of law to summary judgment. . . . By a prima facie showing is meant such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted. . . .

.. . . The burden on the movant does not require him to show or demonstrate beyond all possibility that no genuine issue of fact exists."

It is my opinion that the defendant met his burden and the plaintiff did not. For these reasons I respectfully dissent.