HOLMES, Circuit Judge,
concurring.
I write separately because my reading of the record reveals that Plaintiffs have waived any argument that the but-for standard of causation does not apply. Although I have no reason to question the majority’s view that the New Mexico Supreme Court would apply the but-for standard rather than the substantial-factor test, I would not reach Plaintiffs’ argument on this point and offer no definitive opinion on the matter here. Instead, I would hold that the but-for standard is the applicable causation standard in this case — Plaintiffs having waived any argument to the contrary — and would proceed directly to the question of whether Plaintiffs offered sufficient evidence under that standard to survive summary judgment. On that question, I agree fully with the majority’s reasoning and its ultimate conclusion that Plaintiffs did not offer sufficient evidence.
On appeal, Defendants contend that Plaintiffs did not argue before the district court that the substantial-factor test applied. I agree. In opposing Defendants’ motion for summary judgment, Plaintiffs did not ask the district court to apply the causation standard that they now advance on appeal — viz., the substantial-factor test. Rather, Plaintiffs contended that the but-for standard applied and urged the district court to hold that their evidence satisfied that standard. For example, they stated that “New Mexico requires both a showing that an event is a contributing factor and a cause without which an injury would not have occurred, or more commonly, ‘but for’ *1174 causation.'” [1] Aplts. App. at 77 (emphasis added). Plaintiffs argued that, even if their experts did not use “the magic words, ‘but-for,’ ” id. at 78, “each opinion conceptually and legally satisfies ‘but for’ causation,” id. at 79. Most notably, Plaintiffs explicitly acknowledged that the significant-factor test (which apparently Plaintiffs viewed as synonymous with the substantial-factor test) was not the prevailing test in New Mexico. See id. at 86 (stating that “[w]hile it is true that the ‘significant factor test’ is a legal test accepted in multiple jurisdictions, simply because Dr. Gale used that terminology more familiar in other jurisdictions, it does not somehow discredit his causative opinion in New Mexico” (emphasis added)). Therefore, in granting summary judgment in favor of Defendants, the district court correctly read Plaintiffs’ memorandum as advancing the but-for standard.[2] See Aplts. App. at 139 (“Their expert affidavits satisfy the but-for test for causation, according to Plaintiffs.” (emphasis added)).
Because Plaintiffs did not argue before the district court that the substantial-factor test governed the determination of whether Plaintiffs’ cancer was caused by radiation that Defendants emitted, we should not consider Plaintiffs’ attempt for the first time on appeal to convince us to apply that test. See Tele-Commc’ns, Inc. v. Comm’r, 104 F.3d 1229, 1232-33 (10th Cir.1997); Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir. 1993). Plaintiffs have waived that argument and I can discern no “most unusual circumstances” that would warrant an exercise of our discretion to decide this question despite Plaintiffs’ waiver. Lyons, 994 F.2d at 721; accord Rademacher v. Colo. Ass’n of Soil Conservation Dists., Med. Benefit Plan, 11 F.3d 1567, 1572 (10th Cir.1993); see also Hicks v. Gates Rubber Co., 928 F.2d 966, 970-71 (10th Cir.1991) (explaining the policy rationale for declining to consider arguments raised for the first time on appeal).
Because I would hold Plaintiffs to their waiver, I would proceed directly to the second question on appeal — whether Plaintiffs experts’ affidavits made a sufficient showing of but-for causation to survive summary judgment. I agree fully with the majority’s conclusion that they did not do so.

. In asserting that but-for causation was the proper causation standard under New Mexico law, Plaintiffs cited to Tafoya v. Seay Brothers Corp., 119 N.M. 350, 890 P.2d 803 (1995) — a case the majority reads as being consistent with New Mexico’s general but-for causation test. See Maj. Op. at 1168-69. I agree with the majority’s reading. Plaintiffs also relied upon Galvan v. City of Albuquerque, 85 N.M. 42, 508 P.2d 1339 (N.M.Ct.App.1973), which applied the but-for standard. See id. at 1343 ("Proximate cause is that which, in a natural or continuous sequence, produces the injury and without which the injury would not have occurred.” (emphasis added)).

. I do not find Plaintiffs’ response to Defendants' assertion of waiver to be persuasive. Plaintiffs merely state that "Plaintiffs clearly argued that their experts' opinions satisfied the substantial factor test and more.... Plaintiffs vigorously argued that the expert opinions satisfy the New Mexico but-for test, but in doing so, Plaintiffs likewise amply argued that the same evidence satisfies the slightly more relaxed substantial factor test.’’ Aplts. Reply Br. at 4. That does not comport with my reading of Plaintiffs’ arguments before the district court.