890 P.2d 803

**Eluid TAFOYA, Plaintiff–Petitioner,**

v.

**SEAY BROTHERS CORPORATION
and Robert Ortega, Defendants–
Respondents.**

No. 21802.

Supreme Court of New Mexico.

Jan. 19, 1995.

Rehearing Denied Feb. 27, 1995.

Garcia Law Offices, Narciso Garcia, Jr., Albuquerque, for petitioner.

Miller, Stratvert, Torgerson & Schlenker, P.A., Alice Tomlinson Lorenz, Albuquerque, for respondents.

## OPINION

FRANCHINI, Justice.

We granted a writ of certiorari to the Court of Appeals under NMSA 1978, Section 34–5–14(B)(1) (Repl.Pamp.1990) (conflict with a decision of the Supreme Court). 116 N.M. 801, 890 P.2d 803. The trial court directed a verdict in favor of defendants-appellees Seay Brothers Corporation and Robert Ortega and against the plaintiff-appellant Eluid Tafoya after finding that Tafoya had not presented "sufficient evidence to go to the jury on the issue of causation." The Court of Appeals agreed, holding that Tafoya failed to prove that Seay Brothers' negligence in exceeding a safe speed was a proximate cause of his injuries. The Court emphasized that "there was no evidence that a rock the size of that

which hit Plaintiff would be thrown to the side only if a tire were going fast over it or even that there was a greater likelihood that such would be the case." *Tafoya v. Seay Bros. Corp.*, No. 14,998, slip op. at 3 (N.M.Ct. App. Nov. 2, 1993). We conclude that Tafoya produced sufficient evidence to support an inference that excessive speed contributed to the injury-causing event. Consequently, we also conclude that he made a prima facie showing of proximate cause and that the trial court erred in directing a verdict against him.

 *Standard of review.* When reviewing a directed verdict, the court must consider all the evidence and make all reasonable inferences in favor of the party resisting the motion. *Klopp v. Wackenhut Corp.*, 113 N.M. 153, 155, 824 P.2d 293, 295 (1992). "[A] directed verdict is proper only when there is no pretense of a prima facie case." *Id.* When the issue is whether there is sufficient evidence of proximate cause, "[a] directed verdict can be sustained only if reasonable minds could not differ on whether the [defendant's] failure to exercise reasonable care was an actual and proximate cause of [the injuries]." *Cross v. City of Clovis*, 107 N.M. 251, 255, 755 P.2d 589, 593 (1988). The alleged negligent act need not be the sole cause, but must be a contributing cause to the injury. SCRA 1986, 13–305 (Repl. Pamp.1991). "[T]wo or more concurrent and directly cooperative proximate causes may contribute to an injury." *Lopez v. Maez*, 98 N.M. 625, 632, 651 P.2d 1269, 1276 (1982). Further, a plaintiff does not have to disprove every other possible contributing cause of injury. *Cf. Bowman v. Incorporated County of Los Alamos*, 102 N.M. 660, 662, 699 P.2d 133, 135 (Ct.App.1985) (stating that, contrary to defendant's assertion that plaintiff had burden to show that defendant's conduct was sole proximate cause of accident in order to recover all damages, plaintiff only had burden of showing that defendant was responsible for dangerous condition that caused her injuries). Plaintiff simply must prove that the act characterized as negligence more probably than not was a *contributing* cause of the injury.

*Facts and proceedings.* Tafoya worked on a water line construction crew. His respon-

sibilities included directing and slowing traffic. In the area of the construction the street was strewn with rocks and the roadway was narrow. Ortega drove a large tractor-trailer dump truck owned by Seay Brothers. Tafoya saw Ortega driving into the construction zone at what he believed to be an excessive rate of speed and motioned for Ortega to slow down. Upon realizing that Ortega was not going to slow down, Tafoya turned his back to the truck and attempted to move away. As the truck passed Tafoya, a large rock popped up from under one of its tires and hit Tafoya so hard that it propelled him forward ten to fifteen feet from where he had been standing and knocked him to the ground. As a result of the accident, Tafoya suffered a herniated cervical disc and a torn shoulder rotator cuff.

Mike DeLaO, Tafoya's supervisor who had been trained in safety courses and traffic control, testified that the truck was traveling at a speed that was dangerous in light of the construction conditions. The court, however, did not allow DeLaO to testify about the relation between the rate of speed and potential danger to bystanders when debris is in the roadway after Seay Brothers objected that such testimony was "not related in any way to the facts in this case." During the discussion about the objection, the court stated that "everybody on the jury knows" that the danger to construction personnel increases as the speed of the traffic in the area increases.

Ortega testified that he saw the rocks in the roadway and was aware that a rock could pop from under his truck tires. He also testified that, on occasion, he would drive on the other side of the roadway to miss the rocks if no traffic was coming in the opposite direction. The trial court stated that because there was undisputed testimony that Ortega could not avoid the rocks without driving on the wrong side of the road, the court would not impose a duty to avoid the rocks. Finding that on these facts negligence could not be predicated on driving too fast to avoid the rocks, the court held that a directed verdict was proper because Tafoya had presented no evidence connecting the excessive speed of the truck to the injury.

The court indicated that to prove excessive speed had been a proximate cause of his injury, Tafoya should have produced evidence that had Ortega been traveling more slowly, the rock would not have popped from under his tires.

◼ *Tafoya presented a prima facie case of negligence.* The elements of a prima facie case of negligence are duty, breach, proximate cause, and damages. *Lopez,* 98 N.M. at 630, 651 P.2d at 1274. " ' "Proximate cause" is that which in a natural and continuous sequence ... produces the injury and without which [the] injury would not have occurred.' " *Id.* at 631, 651 P.2d at 1275 (quoting *Chavira v. Carnahan,* 77 N.M. 467, 469, 423 P.2d 988, 990 (1967)).

Seay Brothers argued that it was entitled to a directed verdict because no one had testified that Ortega's excessive speed caused the rock to pop into the air. Although no witnesses had testified to any cause of the injuries except for driving too fast over the rocks, during the hearing Seay Brothers' counsel asserted that it was "a matter of physics" that "the weight of the truck pinch[ed] the rock ... not the speed of the vehicle going forward." Counsel then argued that if the court allowed the jury to consider the case, it "would be permitted to speculate that there's some relationship between the speed of the truck and a rock coming from the side of the truck." Ironically, the reason there was no testimony regarding the relationship of the speed of the truck and the rock was because Seay Brothers had successfully convinced the court that such testimony was not related to the facts of the case when DeLaO was requested to give an opinion as to that relationship. Seay Brothers' argument that Tafoya failed to make a prima facie showing of proximate cause was inconsistent with the position they advanced in objecting to Tafoya's examination of DeLaO. That inconsistency suggests either that the objection was improperly sustained, that the motion for directed verdict was improperly granted, or that both rulings were incorrect. The parties have focused their appellate arguments on the latter ruling and particularly on the adequacy of the evi-

dence connecting excessive speed to the injury-causing event. So do we.

◼ However, we note that if Seay Brothers wished to argue that the weight of the truck was the sole proximate cause of the accident, that would have been an affirmative defense. The party alleging an affirmative defense has the burden of persuasion. *See J.A. Silversmith, Inc. v. Marchiondo,* 75 N.M. 290, 294, 404 P.2d 122, 124 (1965).

◼ The issue was not whether the rock would have popped up at all in the absence of excessive speed but instead whether the truck's speed contributed to the force with which the rock was thrown, thus contributing to the injury. All Tafoya was required to do was present some evidence, even circumstantial evidence, that the excessive speed *contributed to* Tafoya's injuries. In *Sanders v. Atchison T. & S.F. Ry.,* 65 N.M. 286, 289, 336 P.2d 324, 326–27 (1959), we noted that the plaintiff did not have to produce any direct proof that the defendant's negligent bumping of a railroad car caused his injury in order to satisfy his burden of proof. We held that he was only required to show sufficient circumstances from which the "jury might properly, on the grounds of probability ... exclude the inference favorable to the defendant". *Id.* In addition, we reiterated in *Bolt v. Davis,* 70 N.M. 449, 459, 374 P.2d 648, 655 (1962), that a reasonable inference supporting the existence of proximate causation may be based on common knowledge or experience.

In the case at bar, the trial court and the Court of Appeals recognized that the plaintiff could meet his burden of proving proximate causation without direct evidence, provided that it was supported by reasonable inference. However, both courts improperly concluded that the inference that a tire moving faster would be more likely to propel a rock with greater force was mere speculation. Because the rock was fairly large, the trial court and the Court of Appeals apparently would have required Tafoya to prove a negative—that nothing *other* than the speed of the truck caused the rock to pop from under the tires, i.e., that the rock would not have popped or would have been less likely to pop if the truck had been traveling at a safe

speed. We are not persuaded that the size of the rock affected Tafoya's burden of proof.

It is common knowledge that as the speed of a flying object increases, the danger of injury from that object increases. It is also common knowledge that the faster one travels over gravel or rocks, the harder and farther the rocks will pop from under the tires. *See, e.g., Howard v. Bell*, 232 N.C. 611, 62 S.E.2d 323, 325 (1950) (commenting that rocks may be thrown in any direction by tires spinning at higher speeds and allowing case to go to jury). The jury could reasonably infer without speculation that the greater speed of the truck caused the rock to pop with more force, thereby propelling the rock farther and with greater velocity, and causing injury to Tafoya instead of merely harmless contact. Tafoya was not required to prove that the weight of the truck did not contribute to the incident or that the rock would not have popped at all if the truck had been going more slowly. We find that evidence that the truck was traveling at a dangerous speed under the circumstances and that the rock came from under the truck tires, together with the common knowledge that increased speed results in increased force and evidence of the extent of Tafoya's injuries, satisfied Tafoya's burden of establishing a prima facie case of proximate cause. Based on the evidence introduced at trial, the jury was entitled to conclude that the truck's speed contributed to the accident.

Seay Brothers emphasized that the rock popped sideways from the truck instead of from behind its wheels and thus argued that speed was irrelevant. The Court of Appeals distinguished several cases on the conclusion that the rock popped sideways. The argument that the rock popped sideways, however, is only Seay Brothers' theory; it was not the only theory of the case and the court made no such factual finding. The jury heard testimony that the rock popped from under the truck as it was passing Tafoya. The jury could infer that the rock traveled sideways from a tire parallel to Tafoya or that it popped from behind one of the three sets of tires that had already passed Tafoya before the truck was no longer parallel to him. "The issue of proximate cause should be removed from the fact finder only when the facts are undisputed and all reasonable inferences are plain, consistent, and uncontradictory." *Cross*, 107 N.M. at 255, 755 P.2d at 593. The evidence in this case presents a question of fact for the jury.

*Conclusion.* Tafoya presented sufficient evidence to make the question of proximate cause one for the jury, and the motion for directed verdict should have been denied. We reverse and remand for new trial.

**IT IS SO ORDERED.**

FROST and MINZNER, JJ., concur.