LUCERO, J.,
concurring in part.
I agree that New Mexico law requires plaintiffs to demonstrate but-for causation, and that they did not create a genuine factual dispute on that issue. I accordingly join the majority’s discussion of the appropriate legal standard and concur in its judgment. I write separately to elaborate upon the manner by which plaintiffs in toxic torts cases can satisfy the but-for causation standard and to state my disagreement with the majority’s characterization of June v. Union Carbide Corp., 577 F.3d 1234 (10th Cir.2009).
I
Although I agree generally with the majority’s recitation of the facts, additional context is helpful in evaluating statements made by three of the plaintiffs’ experts. First, Dr. F. Owen Hoffman calculated an “assigned share” figure for plaintiffs Wilcox, Hartman, and Serna. He defined assigned share as “an empirical expression of the proportion of individuals in a heteroge-nous population who are alike in all aspects of age, gender, exposure history, and dose, who would not have been diagnosed with their cancer had they not been exposed.” Dr. Hoffman’s numbers were based on the dose of radiation each person’s diseased organ received from the defendants’ mine. At a 95% confidence interval, the assigned shares ranged from 0.5% to 41% for Hartman, from 0.073% to 25% for Serna, and from 3.3% to 80% for Wilcox. In other words, Dr. Hoffman could state with a relatively high degree of statistical probability that the chance *1171 Hartman’s cancer had been caused by radiation exposure from the mine was somewhere between 0.5% and 41%, and so on for Serna and Wilcox. The mean assigned shares were 12% for Hartman, 4.9% for Serna, and 45% for Wilcox.
Second, Dr. Robert Peter Gale opined on the cause of Wilcox’s and Hartman’s cancers as follows:
Based on my consideration of all available data including, but not limited to, the arithmetic mean and 95% credibility interval of estimated assigned share, Plaintiffs Harriet Wilcox and Marcella Hartman were exposed to additional ionizing radiations as a consequence of Defendants’ operations. Such exposures are known to cause and/or contribute to the development of liver and bladder cancers. The arithmetic mean of ionizing radiation-related assigned share to each plaintiff from Defendants’ operations exceeds 10 percent. Assuming the medical records available to me are correct and complete and that no other parameter(s) unknown to me could, as a sole cause overwhelmingly explain each plaintiff having the cancer specified, I opine: to a reasonable medical probability exposure to ionizing radiations as a consequence of Defendants’ operations was a substantial factor contributing to each plaintiff developing cancer,
(emphasis omitted).
Finally, Dr. Inder J. Chopra separately considered the cause of Serna’s cancer. After examining Serna’s medical records, family and social histories, details of her exposure to radiation from the mine, and “other background risk factors” for cancer, Dr. Chopra opined, “Serna’s exposure to radioactivity was of sufficient magnitude, duration and intensity that, in my expert opinion, rendered it a substantial factor to her development of thyroid cancer.” He further averred that he “discovered no other overwhelming risk factors that may have caused Ms. Serna’s [cancer].”
II
A
The majority opinion treats the panel decision in June as controlling our application of the but-for causation standard. (Majority Op. 1170.) I disagree. The June majority ruled in favor of the defendants with respect to but-for causation on procedural, not substantive, grounds:
The problem for Plaintiffs is not that their experts failed to utter some magic words, such as “but for.” ... For all we know, the data would support but-for claims of some, or even all, Plaintiffs. The problem for Plaintiffs is that they did not make a timely argument that they had produced evidence of but-for causation, and they have never (not even in this court) contended that they have produced evidence that [Defendants’] radiation was a necessary component of a causal set that probably would have caused the Plaintiffs’ ailments.
577 F.3d at 1246^47. In dissent, Judge Holloway underscored that the June majority’s decision was based on waiver: “I acknowledge that ... plaintiffs did not timely argue before the district judge that they had produced sufficient evidence of but-for causation.... However, ... I am convinced that special circumstances [warranting consideration of a waived issue] are present here.” Id. at 1253 (Holloway, J., concurring in part, dissenting in part).
Unlike those in June, these plaintiffs have consistently argued that their proffered expert evidence satisfies New Mexico’s but-for causation standard. The plaintiffs stated below that “[i]t is not necessary (nor is it possible) to opine that but for exposures [plaintiffs] would never have *1172 suffered an injury in the same category.” Contrary to the district court’s suggestion, this statement does not amount to a “free[ ] acknowledge[ment] that the cause of cancer is unknown.” Instead, it was a reminder to the district court that medical experts speak in probabilities, not certainties. Because plaintiffs preserved the but-for argument below, the June majority should not control our analysis.
B
We lack clear guidance from New Mexico courts with respect to the evidence required to meet the but-for causation standard in toxic tort cases. Tenth Circuit precedent similarly sheds little light on the issue. Faced with this lacuna, I would apply the principles fleshed out in Judge Holloway’s well-reasoned June partial dissent in evaluating such expert evidence.[1]
In June, a medical expert (coincidentally, the same Dr. Chopra who provided sworn statements in this case) testified that the defendants’ uranium facility was “a substantial factor contributing” to the plaintiffs’ illnesses. Id. at 1254. But in June, Dr. Chopra went much further, explaining:
When I use in this particular case that radiation was a substantial factor contributing to occurrence of ... the illness that we are talking about, in my mind, I am thinking that if they had not been exposed to radiation, there is small or— probably they would not have — the disease would not have occurred in them.
Id. Moreover, he specifically opined that “[i]t is more probable than not that [the defendants’ uranium facility] of itself was a substantial contributing factor to each Plaintiffs thyroid disease, without which the Plaintiff’s respective thyroid disease would not have happened.” Id. (emphases and first alteration in original).
In Judge Holloway’s view, which I share, Dr. Chopra’s use of the phrase “substantial factor” was immaterial. He could have used any term whatsoever to speak about causation; the incantation of magic words is not required, provided that an expert’s opinion roughly corresponds to the legal concept of but-for causation. Dr. Chopra’s testimony in June is a good example of the type of evidence that clears this hurdle. In addition, a plaintiff can prevail by adducing evidence suggesting that a defendant’s polluting activities worsened or hastened the plaintiffs illness. Cf. Tafoya v. Seay Bros. Corp., 119 N.M. 350, 890 P.2d 803, 806 (1995) (evidence that a truck was travelling at a dangerous speed, propelling a rock into plaintiff with “increased force” sufficient to establish but-for causation).
But in this case, plaintiffs did not produce such evidence. Drs. Gale and Chopra did not define what they meant by the term “substantial factor.” As the expert testimony in June makes quite clear, “substantial factor” is not a term of art from which sine qua non causation can be inferred; instead, it takes on a meaning that can differ depending on the “particular case.” 577 F.3d at 1254.
When their opinions are read as a whole, neither Dr. Gale nor Dr. Chopra concludes that plaintiffs’ cancers would not have arisen but for them exposure to defendants’ radiation. Dr. Gale merely opined that defendants’ mining operations were a substantial factor leading to Wilcox’s and Hartman’s cancers, “[ajssuming” that no other factor “could, as a sole cause overwhelmingly explain each plaintiff having the cancer specified.” Similarly, Dr. Cho *1173 pra opined that defendants’ mining operations were a substantial factor in the development of Serna’s cancer, and that he knew of “no other overwhelming risk factors” that could cancel out the uranium mine’s role. Neither of these qualified statements could reasonably be read to rule out other potential causes of the plaintiffs’ cancers. Rather, the experts’ qualifiers here merely highlight that no other known factor accounted for the uranium mine’s role in cancer formation — whatever the uranium mine’s role actually was.
Of course, an expert need not opine that the defendants’ actions were the sole cause of the injury. As a general rule, a plaintiff demonstrates but-for causation by showing that his injury would not have been sustained absent the defendant’s negligence, and there can be multiple but-for causes of a plaintiffs injury. See Restatement (Second) of Torts § 432. But the statements submitted to the district court do not claim that plaintiffs’ cancers probably would not have occurred but for defendants’ actions. Further, the experts’ reference to Dr. Hoffman’s mean assigned share values— all below 50% — suggests that they did not intend the term “substantial factor” to be the functional equivalent of but-for causation. Even Dr. Chopra’s supplemental affidavit, submitted after the causation issue was squarely raised, does not support such an inference.
Ill
In toxic tort cases, the causation issue presents a difficult hurdle for plaintiffs and their experts. But that hurdle is not insurmountable. As Judge Holloway’s considered partial dissent in June demonstrates, an expert need not revert to legalisms or rule out all other potential causes of a plaintiffs injury. Instead, the totality of an expert’s testimony must convey that he or she believes the plaintiff probably would not have gotten sick — or the illness would have been later-developing or less severe — but for the defendant’s negligence. Unfortunately for Wilcox, Hartman, and Serna, their experts conveyed no such belief. Therefore, I join the majority in affirming the district court’s grant of summary judgment to the defendants.

. I agree with the majority that, in all respects relevant to this case, New Mexico law related to but-for causation is equivalent to Colorado law as considered in June. (Majority Op. 1170 n. 2.)